**Robert C. MULLINS, Petitioner–Appellee,**

v.

**Superintendent Fred G. BENNETT, Respondent–Appellant.**

**No. 06–0733–pr.**

United States Court of Appeals, Second Circuit.

April 13, 2007.

Jay S. Ovsiovitch, Office of the Federal Defender, Western District of New York, Rochester, NY, for Petitioner–Appellee.

Wendy Evans Lehmann, Assistant District Attorney, Monroe County, Rochester, NY, for Respondent–Appellant.

Present: ROSEMARY S. POOLER, REENA RAGGI, and J. CLIFFORD WALLACE,* Circuit Judges.

## SUMMARY ORDER

Superintendent Fred G. Bennett appeals the district court's grant of a writ of habeas corpus based on ineffective assistance of appellate counsel. *See Mullins v. Bennett*, 408 F.Supp.2d 160 (W.D.N.Y.2006). We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues. We hold as follows.

Under the Antiterrorism and Effective Death Penalty Act, we may not grant the writ of habeas corpus on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). While the district court articulated this standard, the court did not correctly apply AEDPA's deferential standard, instead substituting its independent judgment of the state court's application of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This was incorrect. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To demonstrate ineffective assistance of counsel, a petitioner must show both that "counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. Thus, the district court could grant the writ only if the New York Supreme Court, Appellate Division, Fourth Department, which denied Mullins's application for a

writ of coram nobis, could not reasonably have held under *Strickland* and other Supreme Court precedent either that Mullins's appellate counsel's performance was not ineffective or that even if counsel's performance was ineffective, Mullins was not prejudiced. *See* 28 U.S.C. § 2254(d)(1). We conclude that the Appellate Division could reasonably have applied *Strickland* to hold that Mullins was not prejudiced. One of the reasons that the prosecutor offered for excusing an African-American juror—her employment—was potentially suspect under the Fourth Department's interpretation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), *see, e.g., People v. Duncan*, 177 A.D.2d 187, 582 N.Y.S.2d 847 (4th Dep't 1992) (holding that prosecutor's use of employment to justify dismissal was unacceptable because it was not connected to the facts of case.) *Duncan* does not, however, depart from the general recognition of employment as a race-neutral reason for exclusion. *See id.; see also People v. Wint*, 237 A.D.2d 195, 198–99, 655 N.Y.S.2d 469 (1st Dep't 1997). Whether or not the prosecutor in this case made the connection between the excused juror's employment and the facts of the case, he offered three other reasons—the juror's misstatement of the number of children she had, her claimed skittishness, and her reading of Freud—that were race neutral. Therefore, it would have been reasonable for the Appellate Division to conclude that had the *Batson* argument been raised on direct appeal, it would have been rejected. Because we have concluded that the state court reasonably could have found a lack of prejudice, we do not determine the effectiveness of appellate counsel's representation of Mullins. We reverse the grant of

---

* The Honorable J. Clifford Wallace, United States Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

the writ and remand for entry of an order denying the writ.